*Decision will be entered for the respondent.*

CLIFFORD H. SEARL AND ANNA T. SEARL, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 78886.    Filed March 31, 1961.

*Robert V. Hunter, Esq.,* for the petitioners.
*Clarence P. Brazill, Jr., Esq.,* for the respondent.

### OPINION.

FORRESTER, *Judge:* Respondent has determined deficiencies in petitioners' income tax for the years 1954, 1955, and 1956 and an addition to tax for the year 1954 as follows:

| Year | Deficiency | Addition to tax, sec. 294(d)(2) |
|---|---|---|
| 1954 | $1,717.12 | $209.91 |
| 1955 | 3,237.73 | |
| 1956 | 3,108.20 | |
| Total | 8,063.05 | 209.91 |

The sole issue remaining for our consideration is whether petitioners received taxable annuity income for the years in question, the disposition of this issue being determinative of the amount of the addition to tax for the year 1954.

All of the facts have been stipulated and are so found.

Petitioners Clifford H. Searl and Anna T. Searl are husband and wife residing in Fayetteville, New York.  They filed joint income tax returns for the calendar years 1954, 1955, and 1956 with the district director of internal revenue at Syracuse, New York.  Petitioner

Anna T. Searl is involved herein solely because joint returns were filed. Clifford H. Searl, hereinafter referred to as petitioner, was born on February 15, 1882. He served as a justice of the Supreme Court of the State of New York from January 1, 1942, to December 31, 1952, and thereafter as official referee of said court until June 30, 1953, when he retired.

Upon retirement petitioner became entitled to Optional Forms of Retirement Allowance under the New York State Employees' Retirement System. Petitioner elected Option 1 which provides in pertinent part:

This allowance is payable monthly for as long as you live. If you should die before you have received in total payments an amount equal to the initial reserve, based on the combined total of contributions made by you and your employer, the balance of such initial reserve would be paid in a lump sum to your beneficiary. You may change the beneficiary at any time during your lifetime.

The next to last sentence quoted above is called, and will hereinafter be referred to as, the "refund feature."

Petitioner's initial reserve in the retirement fund as of June 30, 1953, amounted to $50,581.81, of which $17,374.95 represented petitioner's total contribution.

It is stipulated that 20 percent of petitioner's total contribution of $17,374.95 (amounting to $3,474.99) was the July 1, 1953, value of the refund feature of Option 1 to be used if an adjustment under section 72, I.R.C. 1954, was properly to be made. On such date, $3,474.99 of petitioner's total contribution was allocable to the refund feature of said Option 1.

Commencing July 1, 1953, petitioner received monthly payments of $449.12, or $5,389.44 per year. During the year 1953 petitioner received 6 such monthly payments totaling $2,694.72, and reported $260.63 of this sum as taxable annuity income under the 3-percent-of-cost rule of section 22(b)(2), I.R.C. 1939, which action respondent has not contested.

During each of the years 1954, 1955, and 1956, petitioner received $5,389.44, at the rate of $449.12 each month, no part of which was included in his gross income on his tax returns. Respondent recomputed petitioner's taxable income from the New York State Employees' Retirement System (under sec. 72(a), (b), and (c), I.R.C. 1954) as follows:

Information:
Date of retirement—July 1, 1953.

| | |
|---|---|
| Cost of pension to taxpayer as of July 1, 1953 | $17, 374. 95 |
| Amount of pension to be received per month | $449. 12 |
| Amount of pension to be received per year | $5, 389. 74 |
| Present age of taxpayer as of Jan. 1, 1954 _____years | 72 |

*Method required to be used in reporting the pension for year 1953:*

*Amount taxable:*

3 percent of cost, $17,374.95, or $521.25

Received for 6 months in 1953 or ½ of $521.25=_____ [1] $260.63

Pension received in 1953 (6 payments) _____ 2,694.72

Amount computed to be taxable ($17,374.95×3%×½)_ 260.63

Amount received tax-free_____ 2,434.09

*To determine adjusted cost of pension as of Jan. 1, 1954:*

Original cost, July 1, 1953_____ $17,374.95

Amount received tax free in 1953_____ 2,434.09

Adjusted cost as of Jan. 1, 1954_____ 14,940.86

*To determine amount taxable and amount excluded for all subsequent years:*

Total cost of pension, as adjusted, as of Jan. 1, 1954_____ $14,940.86

Amount to be received annually_____ $5,389.44

Number of years for which payment is guaranteed
($47,887.09 divided by $5,389.44) _____years__ 9

Percentage provided by actuarial table III for age 72
and 9 years guaranteed payments_____percent__ 21

Subtract value of the refund feature (21% of $14,940.86) _____ 3,138.00

Investment in contract adjusted for present value of refund
feature _____ 11,802.86

Investment in contract as adjusted_____ 11,802.86

Expected return (11 years × $5,389.44) _____ 59,283.84

Percentage of income to be excluded ($11,802.86 divided by $59,283.84) _____ percent__ 19.9

Amount received per year_____ $5,389.44

Amount excludible each year (19.9% × $5,389.44) _____ 1,072.50

Amount includible in income each year ($5,389.44 less $1,072.50) 4,316.94

[1] Taxable in 1953.

## *Issue 1. Annuity Payments.*

Respondent contends that the monthly payments to petitioner of $449.12 each during 1954, 1955, and 1956 are partially taxable annuity payments under the general rules for annuities set out in section 72 (a), (b), and (c) [1] of the Internal Revenue Code of 1954.[2] Petitioner con-

[1] SEC. 72. ANNUITIES: CERTAIN PROCEEDS OF ENDOWMENT AND LIFE INSURANCE CONTRACTS.

(a) GENERAL RULE FOR ANNUITIES.—Except as otherwise provided in this chapter, gross income includes any amount received as an annuity (whether for a period certain or during one or more lives) under an annuity, endowment, or life insurance contract.

(b) EXCLUSION RATIO.—Gross income does not include that part of any amount

tends that section 72(d)[3] applies. The determinative issue to be resolved is whether the stipulated value of the refund feature attributable to petitioner's contributions should be subtracted from the "consideration for the contract contributed by the employee" in determining whether this consideration was receivable by the employee in the form

received as an annuity under an annuity, endowment, or life insurance contract which bears the same ratio to such amount as the investment in the contract (as of the annuity starting date) bears to the expected return under the contract (as of such date). This subsection shall not apply to any amount to which subsection (d)(1) (relating to certain employee annuities) applies.

(c) DEFINITIONS.—

(1) INVESTMENT IN THE CONTRACT.—For purposes of subsection (b), the investment in the contract as of the annuity starting date is—

(A) the aggregate amount of premiums or other consideration paid for the contract, minus

(B) the aggregate amount received under the contract before such date, to the extent that such amount was excludable from gross income under this subtitle or prior income tax laws.

(2) ADJUSTMENT IN INVESTMENT WHERE THERE IS REFUND FEATURE.—If—

(A) the expected return under the contract depends in whole or in part on the life expectancy of one or more individuals;

(B) the contract provides for payments to be made to a beneficiary (or to the estate of an annuitant) on or after the death of the annuitant or annuitants; and

(C) such payments are in the nature of a refund of the consideration paid, then the value (computed without discount for interest) of such payments on the annuity starting date shall be subtracted from the amount determined under paragraph (1). Such value shall be computed in accordance with actuarial tables prescribed by the Secretary or his delegate. For purposes of this paragraph and of subsection (e)(2)(A), the term "refund of the consideration paid" includes amounts payable after the death of an annuitant by reason of a provision in the contract for a life annuity with minimum period of payments certain, but (if part of the consideration was contributed by an employer) does not include that part of any payment to a beneficiary (or to the estate of the annuitant) which is not attributable to the consideration paid by the employee for the contract as determined under paragraph (1)(A).

(3) EXPECTED RETURN.—For purposes of subsection (b), the expected return under the contract shall be determined as follows:

(A) LIFE EXPECTANCY.—If the expected return under the contract, for the period on and after the annuity starting date, depends in whole or in part on the life expectancy of one or more individuals, the expected return shall be computed with reference to actuarial tables prescribed by the Secretary or his delegate.

(B) INSTALLMENT PAYMENTS.—If subparagraph (A) does not apply, the expected return is the aggregate of the amounts receivable under the contract as an annuity.

(4) ANNUITY STARTING DATE.—For purposes of this section, the annuity starting date in the case of any contract is the first day of the first period for which an amount is received as an annuity under the contract; except that if such date was before January 1, 1954, then the annuity starting date is January 1, 1954.

[2] All references are to the Internal Revenue Code of 1954 unless otherwise stated.

[3] SEC. 72. ANNUITIES; CERTAIN PROCEEDS OF ENDOWMENT AND LIFE INSURANCE CONTRACTS.

(d) EMPLOYEES' ANNUITIES.—

(1) EMPLOYEE'S CONTRIBUTIONS RECOVERABLE IN 3 YEARS.—Where—

(A) part of the consideration for an annuity, endowment, or life insurance contract is contributed by the employer, and

(B) during the 3-year period beginning on the date (whether or not before January 1, 1954) on which an amount is first received under the contract as an annuity, the aggregate amount receivable by the employee under the terms of the contract is equal to or greater than the consideration for the contract contributed by the employee,

then all amounts received as an annuity under the contract shall be excluded from gross income until there has been so excluded (under this paragraph and prior income tax laws) an amount equal to the consideration for the contract contributed by the employee. Thereafter all amounts so received under the contract shall be included in gross income.

of annuity payments within 3 years after the receipt of his first annuity payment.

Respondent points out that in the general rule as to the tax treatment of annuities (sec. 72(c)(2), *supra*), it is provided that the refund feature (to the extent attributable to the contributions of the employee) is deducted from the employee's investment in the contract and thus reduces the excludible portion of the annuity,[4] whereas in the special rule for employees' annuities relied on by petitioner, no such deduction is mentioned, and respondent concludes from this that Congress intended no such adjustment as to section 72(d). Such argument can only be weighed and resolved after a consideration of the congressional objectives in the taxation of annuities.

Prior to 1954 annuities were taxed each year only to the extent of 3 percent of the annuitant's contributions therefor, until such time as the aggregate amount excluded equaled such contributions.[5] Thereafter, all amounts received were fully taxable. This provision was objectionable in those cases where the amount paid by the annuitant accounted for a large percentage of the value of the annuity when payments began, since it was unlikely that the cost would ever be returned tax-free. It was also objectionable where the amount paid by the annuitant was a relatively small proportion of the value of the annuity when payments started, because the exclusion would be rapidly consumed and the fixed-income pensioner would soon be fully taxed on his annuity, causing a sudden downward adjustment in his standard of living. H. Rept. No. 1337, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess., p. 10 (1954); S. Rept. No. 1622, to accompany H.R. 8300 (Pub. L. 591), 83d Cong., 2d Sess., p. 11 (1954).

To alleviate these ills, Congress enacted the present subsections 72(a), (b), and (c). The purpose of these provisions was to spread the tax-free portion of the annuity income more evenly over the lifetime of the annuitant. H. Rept. No. 1337, *supra* at 10; S. Rept. No. 1622, *supra* at 11. This was achieved by an exclusion ratio, excluding annually that part of the total annuity payments for the year, bearing the same ratio to the total payments received during the year as the annuitant's investment in the annuity contract bears to the expected return from the contract at the annuity starting date.[6] The

---

[4] This is so because the statutory formula for proportionate exclusion of annual annuity payments under sec. 72(b), *supra*, is—

$$\frac{\text{Employee's investment in contract}}{\text{Expected return from annuity payments}} = \frac{X}{\text{Annual annuity payment}} \; ; X \text{ equaling the annual exclusion.}$$

[5] Sec. 22(b)(2), I.R.C. 1939.

[6] Sec. 72(b) *supra,* footnote 1.

investment in the contract is defined as the consideration furnished by the annuitant less (1) amounts excluded under section 22(b)(2) or other prior tax statutes and (2) the value of any refund feature, excepting that any part of any refund feature allocable to an employer's contribution was not to be taken into account for this purpose.[7]

Thus, if an annuitant lived exactly to his life expectancy, he would get his cost back tax-free. If there was a refund feature, the annuitant would get back his cost less the amount of his contribution for the refund feature, since the refund feature would go tax-free to the beneficiary. If the annuitant died earlier, part of his cost would never be recovered tax-free; if he outlived his expectancy he would recover tax-free more than his cost. But the essential feature of the 1954 changes was to spread out over the expected life of the annuitant the exclusion from income of that part of the annuity payments attributable to the annuitant's contributions. Where there was a refund feature, receivable tax-free by a beneficiary, that part of it attributable to annuitants' contributions was deducted (under the same formula) from the amount excludible by annuitants during life, so that the average total exclusion to annuitants would be the cost of the pure annuity. The purpose for deducting the refund feature from the investment in the contract was stated by Congress as follows (H. Rept. No. 1337, *supra* at 10; S. Rept. No. 1622, *supra*, at 11):

Any refund paid to a beneficiary at the death of an annuitant is to be exempt from tax. However, to avoid granting a double exclusion, the annuitant's cost (to be spread tax-free over his expected life) is to be reduced by the refund anticipated computed in accordance with his life expectancy.

Congress ingrafted an exception to the general tax treatment of annuities (sec. 72(d)) to cover instances in which an employee's annuity, partly paid for by the employer, would provide for a rapid return of the consideration furnished by the employee, and therefore a very small annual exclusion under the exclusion ratio.

Nowhere in section 72(d) did Congress refer to refund features. Although section 72(b) and (c) contain elaborate provisions for the determination of the annual exclusion, section 72(d) contains none. We conclude that section 72(d) was inserted to provide a quick and easy computation where the employee's contributions were recovered within 3 years, and that such computation is to be made without reference to refund features. We cannot attribute the omission of language comparable to section 72(c)(2) (which applies only to the exclusion ratio) in section 72(d) to legislative oversight.

The specific language of section 72(d)(1)(B) reaffirms our conclusion. In that section the rule is stated thusly: Subsection (d) applies, if, during the 3-year period beginning when the first amount

[7] Sec. 72(c) *supra* footnote 1.

is received under *the contract as an annuity*, the aggregate amount receivable by the employee under the terms of *the contract* equals or exceeds the *consideration for the contract* contributed by the employee. Then, the amounts received *as an annuity under the contract* are to be excluded until the total amount excluded equals the consideration for *the contract* contributed by the employee. Thereafter all amounts so received (i.e., as an annuity) under *the contract* shall be included in gross income.

We observe that whenever the statute paraphrased above refers to amounts "received" by the employee, such amounts are received "as an annuity under the contract." However, when reference is made to the consideration contributed by the employee, the phraseology used is "consideration for the contract." We regard the words "the contract" as meaning the entire contract, especially since Congress, when it wished to delineate the annuity feature of the contract, did so explicitly.

Although admitting that the interpretation proposed by petitioner is not without merit, we hold that section 72(d) applies only when the entire consideration furnished by the employee for the contract is received in the form of annuities by the employee within the prescribed period. We realize that the scope of section 72(d) will be diminished by this result, but feel that this result is called for by the statutory language.[8]

*Issue 2. Section 294(d)(2) Addition to Tax for 1954.*

Our resolution of issue 1 requires us to find for respondent on this issue. However, respondent's notice of deficiency based the addition to tax on the difference between the tax due and the estimated tax reported and paid. The addition to tax under section 294(d)(2) is properly determined on the basis of 80 percent of tax liability. To correct this error, a Rule 50 computation is necessary.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

---

[8] We find nothing in respondent's regulations which supports or refutes our conclusion, other than a rephrasing of the statutory language.